UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARK HAMER, | Case No.: 2:11-cv-00391-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss of for a More Definitive Statement–#20/24; Motion to Dismiss–#21; Motion to Dismiss of for a More Definitive Statement–#31) |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendants. | |

Before the Court are Defendants James Cabitu, Gregg Peterson, Thomas Rodriguez, Andrew Washington, and Gary Woolman's **Motion to Dismiss of for a More Definitive Statement** (#20, 24, filed Jan. 9 & 10, 2012), Defendant ESEA Union/Sam Johnson's **Motion to Dismiss** (#21, filed Jan. 9), Defendants Jimmie Brimmer and Charles Summers' **Motion to Dismiss or for a More Definite Statement** (#31, filed Jan. 19). The Court has also considered Plaintiff Clark Hamer's Opposition to each of the motions (#35, filed Jan. 24), and the relevant Replies (#37, filed Jan. 27; #38, filed Jan. 31).

**BACKGROUND**

This is a *pro se* § 1983 and Title VII discrimination case brought by a former Clark County School District (the "School District") employee against the School District, various

1

AO 72
(Rev. 8/82)

1  School District employees, and either the Education Support Employees Union (the "Union") or
2  Sam Johnson.  The complaint names ESEA/Sam Johnson and leaves it unclear whether the claim
3  is directed at the Union, Sam Johnson (the Union president), or both of them.
4         The Court is very unsure of the allegations in this matter.  Hamer largely presents
5  recitations of legal terms and causes of action with a few paragraphs of unclear factual allegations
6  thrown in.  Nonetheless, the Court will try to provide some background from the clearer portions
7  of Hamer's complaint.  Hamer appears to allege that various School District employees and
8  supervisors yelled, cursed, and threatened him at different times and for various reasons.  He also
9  alleges that various employees submitted erroneous charges against him to "OSHA" (presumably
10 the Occupational Safety and Health Administration) and other entities.  Hamer also alleges that
11 various of the Defendants either witnessed discrimination and did nothing to stop it or failed in
12 their duty to prevent or punish discrimination and improper conduct.  Hamer also filed a charge
13 with the Equal Employment Opportunity Commission and received a right-to-sue letter.
14        After receiving his right-to-sue letter, Hamer filed a complaint on March 14, 2011,
15 which he has amended multiple times.  Now before the Court are the various individual
16 Defendants' motions to dismiss.  For the reasons discussed below, the Court grants the motions.

17 **DISCUSSION**

18 **I.  Legal Standard**

19        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
20 relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short
21 and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
22 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
23 detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
24 recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)
25 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise
26 above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

AO 72
(Rev. 8/82)

complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). This is particularly true in civil rights cases. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that courts must afford *pro se* plaintiffs "the benefit of any doubt"). Nonetheless, a complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**II.    Analysis**

    **A.    Title VII**

Plaintiff appears to plead Title VII claims (and possibly other discrimination claims) against each of the individual Defendants as well as against the School District and the

AO 72
(Rev. 8/82)

3

Union/Johnson. First, the Court dismisses the Title VII claims (and any other discrimination claims) against the individual defendants. Title VII and other federal discrimination laws do not allow claims against individuals, including supervisors. *See, e.g.*, *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003) (Title VII); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (Americans with Disabilities Act). Thus, the Court dismisses the discriminations claims (whatever their unclear extent) against the individual Defendants, including those who have not been served.

Further, the Court dismisses the discrimination claims against the Union/Johnson because Hamer never alleges that either were his employer. The federal discrimination statutes Hamer implicates apply to employers, not any entity with whom a person is affiliated. *See, e.g.*, 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5).

Thus, the only remaining Title VII claims are those against the School District.

**B.  Section 1983**

The statute of limitations for § 1983 claims in Nevada is two years. *Tahoe-Sierra Preservation Council v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 786 n. 42 (9th Cir. 2000). It is unclear exactly which factual allegations Hamer bases his § 1983 claim on. Regardless, even though Hamer makes the general allegation that the events in his complaint took place between 2008 and 2010, the only specific allegations of events and dates are to events in 2008. (*See generally*, Dkt. #13, Second Amended Complaint.) This case was not filed until 2011. Thus, any claims arising out of actions that took place in 2008 are barred by the statute of limitations and the Court dismisses Hamer's § 1983 claims in their entirety.

**C.  Federal Rule of Civil Procedure 4(m)**

Hamer has not successfully served all the parties to this lawsuit, including the School District. The Court orders Hamer to serve the School District within 30 days of the date of this order. *See* Rule 4(m). If Hamer does not serve the School District within the 30 days, the Court will dismiss this case..

4

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Cabitu, Peterson, Rodriguez, Washington, and Woolman's Motion to Dismiss (#20, 24) is GRANTED.

IT IS FURTHER ORDERED that Defendant the Union/Johnson's Motion to Dismiss (#21) is GRANTED.

IT IS FURTHER ORDERED that Defendants Brimmer and Summers' Motion to Dismiss (#31) is GRANTED.

IT IS FURTHER ORDERED that the unserved individual defendants Larry Cooper, Jason Landberg, Hart Breaden, and Ward Twitchell are dismissed.

IT IS FURTHER ORDERED that Hamer serve the School District within 30 days of this Order.

Dated: March 27, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**